Hunt v Matthews (2025 NY Slip Op 04358)

Hunt v Matthews

2025 NY Slip Op 04358

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

497 CA 24-01267

[*1]KEITH A. HUNT, PLAINTIFF-RESPONDENT,
v
LAURA L. MATTHEWS, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 

JAMES I. MYERS, PLLC, WILLIAMSVILLE (JAMES I. MYERS OF COUNSEL), FOR DEFENDANT-APPELLANT.

 Appeal from an order of the Supreme Court, Erie County (Amy C. Martoche, J.), entered August 6, 2024. The order, inter alia, granted the motion of defendant insofar as it sought leave to reargue and, upon reargument, adhered to a prior determination denying defendant's motion for summary judgment dismissing the complaint and granting plaintiff's cross-motion for summary judgment seeking, inter alia, specific performance of a real estate contract. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking specific performance of a real estate contract involving residential property owned by defendant. In appeal No. 1, defendant appeals from an order that, inter alia, denied defendant's motion for summary judgment dismissing the complaint and granted, inter alia, that part of plaintiff's cross-motion for summary judgment on his cause of action for breach of contract. Defendant thereafter moved for leave to renew or reargue her prior motion. In appeal No. 2, defendant appeals from an order that, inter alia, denied her motion insofar as it sought leave to renew, granted her motion insofar as it sought leave to reargue and, upon reargument, adhered to the prior determination.
Initially, we note that the appeal from the order in appeal No. 1 must be dismissed because the order in appeal No. 2 superseded the order in appeal No. 1 (see Hausrath Landscape Maintenance, Inc. v Caravan Facilities Mgt., LLC, 219 AD3d 1164, 1164 [4th Dept 2023]; Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985, 985 [4th Dept 1990]).
Addressing appeal No. 2, defendant contends that the contract was not fully executed because it was not sufficiently approved by her attorney and that the contract thus cannot be enforced against her. Contrary to that contention, the condition precedent requiring her attorney's approval of the real estate contract was met when, on September 2, 2022, her attorney, in writing, stated without condition that he approved the contract as to its form and legal content (see generally Moran v Erk, 11 NY3d 452, 455-457 [2008]; Chrisanntha, Inc. v deBaptiste, 196 AD3d 1033, 1036 [4th Dept 2021]). Defendant does not dispute that the September 2, 2022 approval was sent by the attorney listed in the contract as her counsel for the purpose of the real estate transaction. Although defendant contends that she did not grant her attorney explicit permission to send the September 2, 2022 approval, the condition precedent within the attorney approval clause, by its terms, was satisfied when her counsel registered his approval in writing, regardless of the specific reason (see generally Moran, 11 NY3d at 457-459). The attorney approval clause "means what it says" (id. at 456), and the need for clarity and predictability in the interpretation of contracts, especially contracts involving real property, requires us to interpret the attorney approval clause by its terms (see id. at 456-457). Here, the attorney approval clause required only that defendant's attorney approve the contract in writing in order to satisfy the condition precedent—an act that he accomplished on September 2, 2022.
We reject defendant's further contention that the September 2, 2022 attorney approval was a nullity, or that it otherwise rendered the approval of the contract ineffective, because it did not explicitly mention an "addendum" signed contemporaneously with the contract itself. Even assuming arguendo that the September 2, 2022 approval had to explicitly reference that addendum in order to constitute an attorney approval thereof, we note that the terms of the contract provided that the contract itself "shall remain in full force and effect" despite counsel's failure to approve an addendum.
We have considered defendant's remaining contentions and conclude that they do not warrant reversal or modification of the order.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court